DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KARISMA HOTELS & RESORTS CORPORATION LTD.,**
Petitioner,

v.

**DAVID HOFFMANN,** as Personal Representative of the Estate of
**LISA HOFFMANN, PREMIER WORLDWIDE MARKETING, LLC,** and
**PREMIER GUEST SERVICES, LLC,**
Respondents.

No. 4D22-729

[June 22, 2022]

Petition for writ of certiorari to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Nicholas R. Lopane, Judge; L.T. Case No. 20-008429 CACE (03).

Mark D. Tinker of Cole, Scott & Kissane, P.A., Tampa, for petitioner.

Joseph J. Slama, Christopher W. Royer, and Kelley B. Stewart of Krupnick Campbell Malone Buser Slama Hancock, P.A., Fort Lauderdale, for respondent David Hoffmann, as Personal Representative of the Estate of Lisa Hoffmann.

PER CURIAM.

In August 2021, the Florida Supreme Court amended Florida Rule of Civil Procedure 1.280(h) to expressly adopt the apex doctrine in the corporate context. *In re Amend. to Fla. Rule of Civ. Proc. 1.280*, 324 So. 3d 459, 461 (Fla. 2021). In doing so, specific affidavit requirements were established for an officer seeking a protective order preventing the officer from being subject to a deposition.

Per the new rule, the officer's affidavit must *explain* that the officer "lacks unique, personal knowledge of the issues being litigated." Fla. R. Civ. P. 1.280(h). The Florida Supreme Court specified that "[b]ald assertions of ignorance will not do." *In re Amend. to Fla. Rule of Civ. Proc. 1.280*, 324 So. 3d at 463. An explanation of the relationship between the litigation and the officer's apex position is necessary for the court to

sufficiently evaluate the applicability of the officer's personal knowledge. *Id.*

In relevant part, the affidavit in this case states only:

> I lack unique or personal knowledge of the issues being litigated in this matter apart from the information provided in the numerous depositions taken of the current and past executives/representatives of Defendant, Premier Worldwide Marketing, LLC and Defendant, Premier Guest Services, LLC.

This is the type of "bald assertion of ignorance" disapproved by the Florida Supreme Court. The affidavit was insufficient, and the trial court did not depart from the essential requirements of law in compelling the deposition of the corporate officer. The petition for writ of certiorari is denied.

*Petition denied.*

GROSS, CIKLIN and CONNER, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***